WIGGIN *v.* BUZZELL.

Section 33 of *c.* 1, Laws of 1868, gives a homestead right to "wife, widow, and children," but not to the husband or father.

A divorce obtained by a wife bars her homestead right in her husband's property, unless such right is reserved by the decree of divorce.

Under Laws of 1868, *c.* 1, *s.* 33, children have not a homestead right in a homestead owned by their father, and occupied by him, but not occupied by his wife or his or her family.

WRIT OF ENTRY. Facts agreed. The plaintiff was formerly the wife of the defendant. The defendant owning an equity of redemp-

tion of a farm on which he lived with the plaintiff and their minor children, in 1875 the plaintiff obtained a judgment divorcing her from him, and giving her the custody of the children and $700 alimony.   Since the divorce, the defendant has continued to live on the farm, but the plaintiff and the children have not occupied it nor had a home there.   The defendant's equity of redemption was taken on the plaintiff's execution for her alimony, and sold to her for $500. The defendant's request for an assignment of homestead (which he claimed for himself and the children) was not complied with by the officer levying the execution.

*Sargent & Chase,* for the plaintiff, cited *Lieman* v. *Lieman,* 34 Texas 522 ; *Brandon* v. *Brandon,* 14 Am. L. Reg. 449 ; *Vanzant* v. *Vanzant,* 23 Ill. 536 ; *Allen* v. *Manasse,* 4 Ala. (N. S.) 554 ; *Abercrombie* v. *Alderson,* 9 Ala. (N. S.) 981.

*Fowler* and *Mugridge,* for the defendent, cited *Atkinson* v. *Atkinson,* 37 N. H. 436 ; S. C., 40 N. H. 249 ; *Gunnison* v. *Twitchel,* 38 N. H. 68 ; *Fogg* v. *Fogg,* 40 N. H. 282 ; *Meader* v. *Place,* 43 N. H. 307 ; *Locke* v. *Rowell,* 47 N. H. 46 ; *Tucker* v. *Kenniston,* 47 N. H. 267 ; *Wood* v. *Lord,* 51 N. H. 448 ; *Currier* v. *Sutherland,* 54 N. H. 485.

Doe, C. J.   The homestead right belonged, not to the defendant, but to his " wife, widow, or children."   Gen. St., *c.* 124 ; Laws of 1868, *c.* 1, *ss.* 33, 34, 35, 36, 37 ; Laws of 1869, *c.* 10 ; Laws of 1871, *c.* 29. For reasons given in *Gleason* v. *Emerson,* 51 N. H. 405, the plaintiff's homestead right, not being reserved in the judgment of divorce, was lost.   The amount of her alimony was determined upon consideration of her loss of her rights in his property.   The judgment did not leave them such a cause of contention as a joint home, nor authorize an expulsion of the defendant by the plaintiff's exercise of her former right of homestead, but made such a partition of property as dissolved her right in his home.   Gen. St., *c.* 163, *ss.* 12, 13, 14, 15.   The children were transferred to the custody of the plaintiff, and since the divorce the farm has not been their home, nor been occupied by them.   As it was not occupied by the defendant or the plaintiff, " and his or her family," at the time of the levy of her execution, his interest in it was not exempt from that levy.   Laws of 1868, *c.* 1, *s.* 33.

*Judgment for the plaintiff.*

Stanley, J., did not sit.