## ALLEN v. CHASE.

Section 33 of c. 1, Laws of 1868, does not give to a wife a homestead right in land not occupied by her husband, or herself, or any of his or her family, and on which none of them have a home.

DECLARATION (upon c. 2, Laws of 1877) of the grounds of the plaintiff's denial of the defendant's homestead right. Facts found by a referee. The land was formerly the homestead of the defendant's husband, owned by him, and occupied by them and their family. The defendant and her minor children left it Sept. 1, 1875. The plaintiff attached it Nov. 10, 1875, in a suit brought by him against the husband. Nov. 20, 1875, the husband conveyed it to E. In 1877, an officer, having the plaintiff's execution against the husband to be levied on the land, was requested by the defendant to cause a homestead to be set off. At that time the land was not occupied by the defendant, or her husband, or his or her family, and none of them had a home there.

*Shirley*, for the plaintiff.

*W. T. & H. F. Norris*, for the defendant.

DOE, C. J. The defendant is not entitled to a homestead. *Austin* v. *Stanley*, 46 N. H. 51; *Wiggin* v. *Buzzell*, 58 N. H. 329. In *Locke* v. *Rowell*, 47 N. H. 46, there had been an assignment to the plaintiff of a homestead, and her home continued to be there.

*Judgment for the plaintiff.*

FOSTER and ALLEN, JJ., did not sit.